# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUAN ANTONIO GARCIA-VILLA, | : |
| Plaintiff, | : |
| vs. | : |
| | : CIVIL ACTION |
| ATTORNEY GENERAL OF THE UNITED | : |
| STATES, U.S. DEPARTMENT OF | : |
| JUSTICE, BUREAU OF PRISONS, | : NO. 10-7118 |
| FEDERAL CORRECTIONAL INSTITUTE | : |
| BIG SPRING, AND UNICOR, | : |
| Defendants. | : |

## MEMORANDUM AND ORDER

**JOYNER, C.J.**                                                    **July 6, 2011**

Presently pending before this Court is a Motion to Transfer this matter to the Northern District of Texas filed by the Attorney General of the United States, the U.S. Department of Justice, Bureau of Prisons, Federal Correctional Institute at Big Spring, and UNICOR[1] ("Defendants") pursuant to 28 U.S.C. §1404(a) (Doc. No. 10). For the reasons set forth in the paragraphs which follow, the motion shall be granted.

## Factual Background

According to the allegations of the complaint[2], Plaintiff,

---

[1] UNICOR, also known as Federal Prison Industries, is a self-sustaining, self-funded federal corporation established in 1934 by Executive Order to create a voluntary real-world work program to train federal inmates.

[2] Plaintiff's Complaint is far from clear. However, while our interpretation of the complaint is to some degree supposition, we endeavor to adhere to "the time-honored practice of construing pro se plaintiffs' pleadings liberally," and holding them "to less stringent standards than formal pleadings drafted by lawyers." See, e.g., Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994); Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed.2d 652 (1972); Boag v. MacDougall, 454 U.S. 364, 102 S. Ct. 700, 701, 70 L. Ed. 2d 551 (1982); Bivings v. Wakefield, 316 Fed. Appx. 177, 181 (3d Cir. 2009). In any event, for purposes of the instant

Juan Antonio Garcia-Villa, was threatened, pressured, intimidated, and forced to sign a financial agreement stating he would pay a fine and an assessment totaling $2,800, while incarcerated at the Federal Correctional Institution at Big Spring, Texas ("FCI Big Spring"). Since Plaintiff did not have the money to satisfy this financial agreement, he alleges that he was again threatened and pressured into signing a second financial agreement, in which he agreed to pay half of the salary he received from working in UNICOR toward his debt. Plaintiff also alleges that working in UNICOR violated Immigration Law and the policy of the Bureau of Prisons ("BOP") because he is an illegal alien and therefore not permitted to work for UNICOR.

On November 23, 2010, Plaintiff initiated this lawsuit under 42 U.S.C. § 1983 seeking to recover damages from Defendants for these alleged violations. Plaintiff served the Defendants on February 2, 2011 and on April 4th, 2010, Defendants moved to transfer this case to the Northern District of Texas.

### Standard of Review

The complaint seeks to assert a federal question claim, so venue is governed by 28 U.S.C. § 1391(b), which states:

> A civil action wherein jurisdiction is not founded solely on
> diversity of citizenship may, except as otherwise provided
> by law, be brought only in (1) a judicial district where any

---

motion, we do not address the sufficiency of the pleadings to state a claim upon which relief may plausibly be granted. Rather, we leave that decision to the transferee court.

> defendant resides, if all the defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. §1391(b).

In this case, Defendants have requested a change of venue, pursuant to 28 U.S.C. §1404(a). That statute provides, that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. §1404(a). The decision whether to grant a transfer under §1404(a) lies within the discretion of the trial court. Wice v. Gen. Motors Corp., Civ A. No. 96-6194, 1996 WL 724936 at *1 (E.D. Pa. Dec. 13, 1996). The movant has the burden of establishing the need for transfer, Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3rd Cir. 1970), cert denied, 401 U.S. 910, 91 S. Ct. 871, 27 L. Ed. 2d 808 (1971), and that venue is proper in the transferred district, Wice, Civ A. No. 96-6194, 1996 WL 724936 at *1. See also, Indasetimat v. Wabash Metal Prods., Inc., Civ. A. No 01-0197, 2001 WL 1526270 at *1 (E.D. Pa. Nov. 29, 2001); Lindley v. Caterpillar, Inc., 93 F. Supp 2d 615, 617 (E.D. Pa. 2000). Furthermore, when ruling on a defendant's motion to transfer, "the plaintiff's choice of venue should not be lightly disturbed." Jumara v. State Farm, 55 F.3d 873, 879 (3d Cir.

3

1995) (quoting 15 CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE: JURISDICTION AND RELATED MATTERS § 3848, at 385 (2d ed. 1986))

However, in a case where a plaintiff chooses a forum in which he or she does not reside and the incident giving rise to the claim occurred outside of the chosen forum, the plaintiff's choice is entitled to less deference. Barbera v. Lowe's Home Centers, Inc., Civ. No. 09-1617, 2009 WL 1362698 at *2 (E.D. Pa May 15, 2009). See also, Cameli v. WNEP-16 the News Station, 134 F. Supp 2d 403, 405-06 (E.D. Pa. 2001)("The deference given to a plaintiff's choice of forum is reduced when the operative facts that give rise to the action occur in another district."); Tranor v. Brown, 913 F. Supp 388, 391 (E.D. Pa. 1996)(" Here, since plaintiffs, non-district residents, have no connection with this district, their choice of forum is not entitled to great weight.").

## Discussion

Plaintiff may have brought this case originally in the Northern District of Texas. See, 28 U.S.C. §1391(b). The case satisfies the requirement of §1391(b)(2) because most, if not all, of the events and occurrences at issue took place at FCI Big Spring, which is located in the Northern District of Texas.

In deciding whether a transfer should be granted, the 3rd Circuit, when ruling on a §1404(a) motion, has not only

4

considered the convenience of parties, convenience of witnesses, or interest of justice, but also considers "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interest of justice be better served by transfer to a different forum." Jumara, 55 F.3d at 879 (quoting WRIGHT ET AL., supra, § 3847). While there is no absolute list of factors, courts have considered many private and public interests. Id. The private interest factors have included: (1) the plaintiff's choice of forum; (2) the defendant's choice of forum; (3) where the claims arose; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum). Id. The public interest factors have included: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative court congestion in the two fora; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; (6) and the familiarity of the trial judge with applicable state law in diversity cases. Id. 879-80. We now analyze these factors, *seriatim*.

*A. The Private Factors*

We must balance the private and public interest factors to determine whether transfer will serve the "convenience of the parties and witnesses" and "whether it is in the interest of justice." As mentioned above, usually a plaintiff's choice of venue should not be "lightly disturbed." Id. at 879(quoting WRIGHT, *et. al.*, at § 3848). However, in this case, Plaintiff's choice is entitled to less deference because he does not reside in the chosen forum and the incident(s) giving rise to his claim occurred outside of his chosen forum. See Barbera, Civ No. 09-1617, 2009 WL 1362698 at *2. We must also consider Defendants' preference for litigating in the Northern District of Texas. Here, the plaintiff was residing in the Northern District of Texas at the time the incident occurred and at the time he filed the lawsuit and all of the events and occurrences at issue took place in the Northern District of Texas. These factors obviously favor a transfer to the Northern District of Texas.

Moreover, this case has virtually no connections whatsoever to the Eastern District of Pennsylvania. Indeed, Plaintiff's only connection to this District is that he was incarcerated at the Federal Detention Center in Philadelphia from December 30, 2003 until March 4th, 2005. However, the complaint is devoid of any factual allegations relating to Plaintiff's incarceration at the Federal Detention Center in Philadelphia and Plaintiff does

6

not allege any other facts which could otherwise connect him or the defendants to the Eastern District of Pennsylvania.

As well, "the convenience of the witnesses and location of the evidence is to be considered to the extent that the witnesses and evidence would be unavailable in the plaintiff's chosen fora." Barbera, 2009 WL 1362608 at *3 (citing Jumara, 55 F.3d at 879). Defendants have not claimed that the evidence or any of the witnesses would be unavailable for production in the Eastern District of Pennsylvania. However, the court recognizes there may be a potential subpoena issue under Fed R. Civ. P. 45, if the case was tried in the Eastern District of Pennsylvania. Fed R. Civ P. 45(c)(3)(A)(ii) allows witnesses to quash a subpoena if they are commanded to travel more than 100 miles from where they reside, are employed, or regularly transact business in person. See, Fed R. Civ P. 45 (c)(3)(A)(ii) (2008). On the other hand, witnesses may be commanded to attend a trial by traveling from any such place within the state where the trial is held. Id. Therefore, transferring the matter to the Northern District of Texas will help solve the potential issue of quashed subpoenas and is thus another factor weighing in favor of a transfer. See, Lindey, 93 F. Supp. 2d at 618("[I]t is generally preferable to prosecute a case in a location where relevant witnesses can be compelled to attend.")

Plaintiff has alleged that "in the interest of Justice," the

7

Court should not transfer this matter to the Northern District of Texas because Defendants did not fairly respond to his previous complaint. However, Plaintiff cites no concrete evidence to support this contention. Plaintiff also requests that if this Court was to transfer the case, then it should be transferred to the District of Columbia. The District of Columbia, however, would be an equally inappropriate venue, as again, neither the Defendants nor the Plaintiff resides there and none of the events giving rise to this claim took place there. <u>See</u>, 28 U.S.C. §1391(b).

 *B. The Public Factors*

 Although most of the "public" factors, such as enforceability of the judgment, court congestion, and public policy of the forum appear on balance in both this District and the Northern District of Texas, clearly the citizens of the Northern District of Texas have a greater interest in this litigation than the citizens of the Eastern District of Pennsylvania as the alleged events took place there. Consequently, the interest of deciding local controversies at home favors transfer. As well, the practical considerations that the evidence and potential witnesses are in the Northern District of Texas, which could make the trial easier, more expedient, and likely less expensive, all weigh in favor of a transfer.

## Conclusion

After considering the private and public factors outlined above, the Court concludes that a transfer is in the interest of justice, because of the practical considerations of the evidence and potential witnesses, as well as the interest in deciding local controversies at home.  Accordingly, Defendants have met their burden of proof and the Court will exercise its discretion to transfer this matter to the Northern District of Texas.